806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph P. KENDALL, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor and Bethlehem Steel
Corporation, Respondents.
 No. 83-2176.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 24, 1986.
Decided Dec. 3, 1986.
 
 Joseph P. Kendall, petitioner pro se.
 Thomas E. Cinnamond, Semmes, Bowen & Semmes; Marianne Demetral Smith, Attorney, United States Department of Labor, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before HALL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal has a tortuous procedural history. Most basically, Joseph Kendall has filed three separate claims for disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Secs. 901, et seq. The first claim requested a review of an earlier decision denying benefits for a back injury. That review was based on the theory that Kendall's back condition had changed significantly since the earlier denial of benefits. See 33 U.S.C. Sec. 922. The Administrative Law Judge (ALJ) denied benefits, finding no change in condition.
 
 
 2
 Kendall also filed a claim for a shoulder injury that allegedly occurred at work on August 8, 1975. The ALJ denied benefits on that claim because he found that the injury did not occur at work.
 
 
 3
 The third claim arose after Kendall acutely strained his back on July 2, 1979. Benefits were denied on that claim. The ALJ found that Kendall was unable to perform his job as rigger, but that his permanent disability was no more serious than before the July 1979 accident and denied benefits.
 
 
 4
 Kendall appealed all three claims to the Benefits Review Board (Board). The Board affirmed the decisions on the first two claims, but remanded on the July 1979 back injury because the finding of disability conflicted with the earlier opinion. Kendall then appealed to this Court. The appeal on the remanded, July 1979 back claim was dismissed. The appeal on the other two claims was placed in abeyance until a final decision was rendered on the July 1979 back claim. Once the Board entered a decision on the third claim, Kendall failed to file a timely notice of appeal as required by 33 U.S.C. Sec. 921(c). Thus, only the first two claims are now before this Court for review.
 
 
 5
 A decision of the Benefits Review Board may be reversed only for errors of law or if the Board exceeded the scope of its review. Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP, 681 F.2d 938 (4th Cir.1982). The Board's scope of review is limited by 33 U.S.C. Sec. 921(b)(3), which provides that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole."
 
 
 6
 The Board affirmed the ALJ's denial of benefits for a "change of condition" claim on a back injury incurred earlier on the job. 33 U.S.C. Sec. 922. Kendall had asserted that his 1969 back injury had significantly worsened, reducing his earning capacity. Both doctors involved in the case noted mild back degeneration. The claimant's doctor rated Kendall's disability as 30%, but did not know the exact nature of Kendall's occupation. Dr. Hunt, working for the employer, estimated Kendall's disability as 15%, the same as in 1972. Dr. Hunt, based on quite a detailed job description from Kendall, concluded that Kendall could return to the job of rigger with no restrictions. Substantial evidence supports the Board's conclusion that Kendall failed to establish a change of condition under 33 U.S.C. Sec. 922.
 
 
 7
 The Board also affirmed the ALJ's finding that Kendall's shoulder injury did not occur on the job. The employer's business records refuted Kendall's testimony regarding whom he had worked with when he was injured. Furthermore, the medical records of the employer indicated that Kendall attributed his shoulder injury to an earlier 1969 accident. Again, substantial evidence supports the Board's decision denying benefits for the shoulder injury.
 
 
 8
 We conclude that the Benefits Review Board properly reviewed the denials of benefits and that its decision was supported by substantial evidence and was not contrary to the evidence. Newport News Shipbuilding and Dry Dock Co. v. Director, OWCP, 681 F.2d 938 (4th Cir.1982). We affirm the decision below. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 9
 AFFIRMED.